UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RADEMAKER<br><br>                       Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>                      Defendants. | Case No.: 3:17-cv-02406-BTM-JLB<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 15]** |

## I. **Introduction**

Before the Court is Plaintiff David Rademaker's ("Plaintiff") Motion for Appointment of Counsel (ECF No. 15.) No opposition to the Motion was filed. For the following reasons the Court **DENIES without prejudice** Plaintiff's Motion for Appointment of Counsel.

## II. **Appointment of Counsel**

Plaintiff contends that he is entitled to counsel because he has a cyst on his brain that causes memory loss and amnesia. (*Id.* at 4.) Further, Plaintiff states that his right hand shakes, which makes it difficult for him to write. (*Id.* at 1.) Plaintiff has attached a Physician's Order for Medication to medically document his condition. (*Id.* at 2.) Further, Plaintiff includes a request for accommodation (*id.* at 4) and the prison's response affording Plaintiff accommodation by providing assistance upon request with the 602 process (*Id.* at

3). Plaintiff claims his impairments affect his ability to draft documents and meet filing deadlines. (*Id*. at 1, 4.) Thus, Plaintiff argues that this Court must appoint counsel.

### A. Legal Standard

Typically, a plaintiff is not entitled to counsel for civil cases. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981). Although 28 U.S.C. §1915(e)(1) permits a court to appoint counsel when a person is unable to afford such counsel, a court may only do so under "exceptional circumstances." 28 U.S.C. §1915(e)(1); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).

In order to determine whether or not "exceptional circumstances" exist, a court must evaluate (1) the plaintiff's likelihood of success on the merits and (2) the plaintiff's ability to articulate his claims *pro se* "in light of the complexity of the legal issues involved." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these two *Wilborn* factors are dispositive, and therefore they must be viewed together. *Id.*

### B. Likelihood of Success on the Merits

If a plaintiff fails to provide any evidence supporting his likelihood of success on the merits, he fails the first *Wilborn* factor. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Allegations made in the pleadings, without further corroborating evidence presented thereafter, are insufficient to demonstrate the likelihood of success at trial. *Id.*

Here, Plaintiff has offered no further evidence that his claims are likely to succeed on the merits. Although a Joint Discovery Plan has been filed (ECF No. 16), at this early stage when the parties have not yet completed discovery and have not proffered any evidence to the Court in support of their claims, the Court cannot determine whether or not Plaintiff is likely to succeed on the merits of his claims. *Id.; see also Garcia v. Smith*, No. 10cv1187 AJB(RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel because it was too early to determine whether any of the plaintiff's claims would be successful). The Court concludes that Plaintiff fails to satisfy the first "exceptional circumstances" factor.

## C. Plaintiff's Ability to Articulate His Claims Without Counsel

Where a *pro se* civil rights plaintiff shows that he understands basic procedure and has articulated his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. *See Palmer*, 560 F.3d at 970. Further, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and draw reasonable factual inferences in the petitioner's favor. *Mckinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974); *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claim in light of the complexity of the issues, the "exceptional circumstances" that might support the appointment of counsel do not exist.

Here, Plaintiff has not established that he is unable to articulate his claims without the assistance of counsel. Plaintiff claims his right hand shakes when he writes and that he suffers from memory loss. (ECF No. 15 at 1.) Further, Plaintiff contends that his friend drafted his complaint, but has since left prison, and is no longer able to assist him. (*Id.*) However, throughout these proceedings, Plaintiff has been able to file appropriate motions and comply with deadlines. (ECF. No. 15 at 1; ECF No. 2.) Plaintiff was able to clearly articulate his claim in his complaint. (ECF No. 1.) Further, Plaintiff filed his Motion to Proceed *in Forma Pauperis* (ECF No. 2) on November 30, 2017, and this Motion for Appointment of Counsel (ECF No. 15) on June 15, 2018. In these motions, Plaintiff clearly communicates to the court the relief he is seeking. (ECF. No. 15; ECF No. 2.) In addition, this case is not extraordinarily complex. It involves a First Amendment claim alleging Plaintiff was denied his right to religion because the prison did not properly provide Plaintiff, who is Jewish, with kosher meals. (ECF No. 1 at 3.) The facts are fairly straightforward. Plaintiff has thus far been able to articulate his claim without the

assistance of counsel, and therefore Plaintiff fails to meet the second "exceptional circumstances" factor at this stage of the case.

### III. Conclusion

Viewing these two factors together, Plaintiff has not sufficiently demonstrated "exceptional circumstances" necessitating the assistance of counsel. For the reasons stated above this Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 15). This denial is without prejudice, however, and Plaintiff is therefore not precluded from requesting the appointment of counsel at a later stage in this case, should he be able to make the requisite showing of exceptional circumstances at that time.

**IT IS SO ORDERED**

Dated: July 2, 2018

_Jill Burkhardt_
Hon. Jill L. Burkhardt
United States Magistrate Judge