UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RADEMAKER,<br><br>                        Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>                       Defendants. | Case No.: 17-cv-02406-JLB-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 71]** |

Before the Court is Plaintiff's Motion for Reconsideration. (ECF No. 71.) Plaintiff requests that the Court reconsider its Order Granting Defendants' Motion for Summary Judgment. Defendants oppose Plaintiff's motion. (ECF No. 72.) The Court granted Plaintiff's three motions for extension of time to file a reply (ECF Nos. 77; 78; 80), but to date, Plaintiff has not filed a reply and his final February 17, 2020 reply deadline has expired (ECF No. 81). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Reconsideration.

## I.    LEGAL STANDARD

**A.**    **Motion for Reconsideration Under Rule 59(e) or 60(b)**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of the ruling

1

or entry of judgment; otherwise, it may be construed as a Rule 60(b) motion for relief from a judgment or order. *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Here, the Court issued its Order Granting Defendants' Motion for Summary Judgment on September 26, 2019, and the Clerk of Court entered judgment the next day on September 27, 2019. (ECF Nos. 68; 69.) Plaintiff constructively filed his Motion for Reconsideration on October 14, 2019. (*See* ECF No. 71 at 25.) Accordingly, the Court construes Plaintiff's motion as a Rule 59(e) motion, as it was filed within twenty-eight days of both the Court's ruling and entry of judgment. *See Am. Ironworks & Erectors, Inc.*, 248 F.3d at 898–99.

**B.     Standard for Reconsideration Under Rule 59(e)**

Pursuant to Rule 59(e), district courts have the power to reconsider a previous ruling or entry of judgment. Fed. R. Civ. P. 59(e). However, Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James W. Moore, et al., *Moore's Federal Practice* § 54.78[1] (3d ed. 2000)). Under Rule 59(e), a court may appropriately alter or amend a previous ruling or judgment only if: (1) it "is presented with newly discovered evidence"; (2) it "committed clear error or made an initial decision that was manifestly unjust"; or (3) "there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).

Motions for reconsideration under Rule 59(e) may not be used to relitigate issues already decided by the Court "or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)); *see also Ausmus v. Lexington Ins. Co.*, No. 08–CV–2342–L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) ("A motion for reconsideration is not another

opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments."). It does not give parties a "second bite at the apple." *Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *3 (S.D. Cal. Apr. 10, 2007). "'[A]fter thoughts' or 'shifting of ground' do not constitute an appropriate basis for reconsideration." *Ausmus*, 2009 WL 2058549, at *2.

## II. DISCUSSION

**A.     Request for Reconsideration**

1.     Parties' Arguments

Plaintiff titles his motion "Motion, Declaration for Hon. Jill L. Burkhardt to Reconsider Her September 26, 2019 Ruling Granting Defendant[s'] Motion for Summary Judgement [sic] Dismissing #17-cv-02406-JLB-KSC," but therein makes no argument that there is "newly discovered evidence," that the Court "committed clear error or made an initial decision that was manifestly unjust," or that "there is an intervening change in controlling law." *United Nat'l Ins. Co.*, 555 F.3d at 780. Instead, Plaintiff's motion and its exhibits detail allegations of: (1) a July 18, 2019 "attempted murder" of Plaintiff by "skin head" inmates that was "orchestrated" and then "covered up" by Richard J. Donovan Correctional Facility ("RJDCF") staff (ECF No. 71 at 1–2, 7, 21); (2) his legal mail not going out (*id.* at 14, 16, 18–19); and (3) RJDCF staff leaving all his "personal property out" on August 27, 2019, "in the middle of the dayroom floor in a[n] unsecured area letting hundreds of inmates take what they want[ed]" (*id.* at 3, 21). Plaintiff also seems to imply in his motion that the "D. Decastro" he named as a defendant in his Complaint is not Defendant Decastro, but Defendant Decastro's son. (*Id.* at 3, 23.)

Defendants argue that Plaintiff "does not base his request [for reconsideration] on the facts of this case," but rather "he raises issues that have no bearing on the outcome of the motion." (ECF No. 72 at 1.) Specifically, Defendants contend that the alleged attempted murder of Plaintiff and his loss of property both "occurred after he filed his opposition to summary judgment," so Plaintiff cannot claim he was unable to oppose Defendants' motion due to these events. (*Id.* at 1, 3–4.) Further, as to Plaintiff's "mailroom

issues," Defendants argue that "Plaintiff's request for an extension of time to file his opposition to the motion for summary judgment was granted, he filed his opposition, and it was considered by the Court." (*Id.* at 4.) Defendants claim that consequently, Plaintiff cannot argue that any mailroom issues precluded him from opposing Defendants' motion. (*Id.*)

Lastly, Defendants provide that Defendant Decastro is retired and his son is a current employee at RJDCF. However, Defendants argue that it was, in fact, R. Decastro, the father, who Plaintiff named in his Complaint. (*Id.*) Defendants point to Plaintiff's Complaint, which states that Defendant "R. Decastro was, at all times mentioned herein, a Supervising Correctional Cook" who was "responsible for failing on October 15, 2015 to take corrective action to ensure Plaintiff was being provided . . . adequate and appropriate Kosher food." (*Id.* at 4 (quoting ECF No. 1 at 5).) Defendants argue that "[i]n October 2015, R. Decastro, the father, held the title stated in the Complaint[;] R. Decastro, the son, did not." (*Id.*)

2. <u>Analysis</u>

Here, Plaintiff fails to articulate any legitimate basis for the Court to reconsider its Order granting Defendants summary judgment. Plaintiff's allegations of the alleged attempt on his life and his loss of property, both of which occurred after Defendants' Motion for Summary Judgment was fully briefed, are unrelated to the core of Plaintiff's complaint in this case—an inadequate Kosher diet. Additionally, as Defendants highlight, Plaintiff's argument concerning his legal mail not going out—a repeated and unsubstantiated complaint by Plaintiff (*e.g.*, ECF Nos. 32; 47; 48)—lacks merit. Plaintiff successfully filed two motions for an extension of time to respond to Defendants' motion (ECF Nos. 47; 48) and an opposition to Defendants' motion (ECF No. 62). Even if Plaintiff did experience difficulties in sending his legal mail, Plaintiff does not argue that there are documents he sent to this Court that it did not receive, nor does it appear that any filings in this case were affected.

4

Further, Plaintiff does not argue that there is a change in controlling authority or new evidence that would make it appropriate for the Court to reconsider its Order. To the extent Plaintiff believes that the Court committed "clear error" by granting summary judgment in favor of Defendant Decastro, that is, the elder R. Decastro, Plaintiff's argument is baseless. First, the Complaint states that Defendant Decastro was the "Supervising Correctional Cook" who "on October 15, 2015" "fail[ed] . . . to take correction action to ensure Plaintiff was provided an adequate and appropriate Kosher" diet. (ECF No. 1 at 5.) Defendants provide that on October 15, 2015, "R. Decastro, the father, held the title stated in the Complaint." (ECF No. 72 at 4.) Second, regardless of which R. Decastro Plaintiff named or attempted to name in the Complaint, the Court's Order granting summary judgment for Defendants did not turn on the specific actions of any of the Defendants. Rather, the Court found that Plaintiff's First Amendment claims lacked merit themselves, irrespective of any individual Defendant's actions.[1] The Court therefore agrees with Defendants that "[w]hether Plaintiff [sued] R. Decastro (current prison employee), or R. Decastro (retired prison employee), makes no difference to the motion for summary judgment." (ECF No. 72 at 4.)

Because Plaintiff has not presented any legitimate basis for the Court to reconsider its Order Granting Defendants' Motion for Summary Judgment, the Court **DENIES** Plaintiff's request for reconsideration.

**B.     Request for Extension of Time to File "Response to Summary Judgment Dismissal"**

Additionally, in the motion's caption, Plaintiff states that he filed the Motion for Reconsideration "because [he] needs additional time to recover all his legal files *inter alia*

---

[1] In its Order granting summary judgment for Defendants, the Court found that the timing of Plaintiff's kosher meal distribution, the fact that Plaintiff's kosher meal on the Sabbath arrived frozen, and the fact that Plaintiff was occasionally served spoiled produce did not substantially burden his practice of religion in violation of the First Amendment. (*See* ECF No. 68.)

5

so he can then write his response to summary judgment dismissal[,] which he cannot do without his legal files." (ECF No. 71 at 1.) Thus, it appears that Plaintiff also requests an extension of time to provide the Court with further arguments in support of reconsideration. In their opposition, Defendants analyze Plaintiff's motion only with respect to his request for reconsideration and not with respect to his vague request for additional time to "write his response to summary judgment dismissal." (*See* ECF No. 72.)

To the extent Plaintiff's motion is also a request for an extension of time to provide further arguments in support of reconsideration, the Court finds that no good cause exists to grant Plaintiff's request. Plaintiff states that he "needs additional time to recover all his legal files . . . so he can then write his response to summary judgment," but Plaintiff does not argue that there is any legitimate basis for reconsideration that he could make only with the benefit of his "legal files." Moreover, Plaintiff constructively filed the instant motion more than four months ago and has filed three motions for an extension of time to file a reply to Defendants' opposition since. Plaintiff could have provided the Court with a basis for why he needed to supplement the instant motion during this time but did not do so. Additionally, Plaintiff constructively filed a Notice of Appeal on October 9, 2019, two days before he constructively filed the instant motion. (*See* ECF No. 73 at 1.) Thus, Plaintiff has made clear he plans to reargue his position before the appellate court, so additional—and likely meritless—briefing will only delay that process.

Accordingly, to the extent Plaintiff is requesting additional time to craft further arguments in support of reconsideration, Plaintiff's request is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 19, 2020

_Jill Burkhardt_
Hon. Jill L. Burkhardt
United States Magistrate Judge